# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: June 30, 2025

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * | | |
| SAMUEL J. LABINE, | * | |
| | * | |
| Petitioner, | * | No. 17-1443V |
| | * | |
| v. | * | Special Master Young |
| | * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * | | |

*David John Carney*, Green & Schafle LLC, Philadelphia, PA, for Petitioner
*Felicia Langel*, United States Department of Justice, Washington, DC, for Respondent

### DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

On May 13, 2024, Samuel LaBine ("Petitioner") filed a motion for interim attorneys' fees and costs, requesting a total of **$210,379.41** for the work of his current counsel, David Carney, at Green & Schafle, LLC. Pet'r's Application for Interim Attorneys' Fees & Costs ("Fees App.") at 3, ECF No. 99. This amount consists of $164,478.00 in fees and $45,901.41 in costs. *Id.* Petitioner also requests a total payment of **$88,038.60** for the work of his prior counsel, Kate Westad, and the firms she worked at while representing Petitioner in this case. *Id.* at 4. This includes $3,577.23 ($2,270.00 in fees and $1,307.23 in costs) while at Lommen Abdo, P.A.; $65,752.12 ($51,385.50 in fees and $14,366.62 in costs) while at Larkin Hoffman Law Firm; and $18,709.25 ($8,791.25 in fees and $9,918.00 in costs) while at SiebenCarey, P.A. *Id.* Petitioner asserted he has not incurred any personal costs related to the prosecution of his petition. *Id.* at 79. On May 14, 2024, Respondent filed his response to Petitioner's motion. Resp't's Resp., ECF No. 100. In his response, Respondent stated that he "defers to the special master to determine whether or not [P]etitioner has met the legal standard for an interim fees and costs award." *Id.* at 2. For the reasons stated below, I will award interim attorneys' fees and costs for Petitioner's current and prior counsel at this time.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

## I.   Procedural History

On October 5, 2017, Petitioner filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program ("Program").[2] Pet., ECF No. 1. The same day, he filed medical records; and on October 9, 2017, he filed an affidavit. ECF Nos. 4–6.

Respondent filed his Rule 4(c) report on May 18, 2018, arguing against compensation. ECF No. 18. A status conference was held on June 26, 2018. Min. Entry, docketed June 26, 2018. On January 28, 2019, Petitioner filed an expert report from Dr. Justin Willer and supporting medical literature. ECF Nos 27–29. On June 20, 2019, Respondent filed an expert report from Dr. Mark Bromberg and supporting medical literature. ECF No. 37. Petitioner filed additional expert reports from Dr. Willer on August 12, 2019, and February 21, 2020, and Respondent filed an additional expert report from Dr. Bromberg on December 3, 2019. ECF Nos. 40, 45, 49. On December 28, 2020, Petitioner filed an expert report from Dr. Marc Serota and supporting medical literature. ECF Nos. 60–61. On April 30, 2021, Respondent filed an expert report from Dr. Robert Fujinami and supporting medical literature. ECF Nos. 65–66.

I held a Rule 5 conference on August 30, 2022. Min. Entry, docketed Aug. 30, 2022. The parties filed supplemental expert reports from Drs. Serota and Fujinami on November 14, 2022, and March 5, 2023, respectively. ECF Nos. 70, 74. Additional medical records were filed on September 28, 2023, November 29, 2023, and December 5, 2023. ECF Nos. 76, 79, 90. An entitlement hearing was held on December 11 and 12, 2023. Min. Entry, docketed Dec. 13, 2023.

Petitioner filed an application for interim attorneys' fees and costs on May 13, 2024. Fees App. Respondent filed his response on May 14, 2024. Resp't's Resp. Petitioner did not file a reply. This matter is now ripe for consideration.

## II.   Availability of Interim Attorneys' Fees and Costs

### A.   Good Faith and Reasonable Basis

Under the Vaccine Act, petitioners may recover reasonable attorneys' fees and costs only if "the petition was brought in good faith, and there was a reasonable basis for which the petition was brought." § 15(e)(1). Respondent does not object to Petitioner's motion on the basis of good faith or reasonable basis, and I find that the statutory criteria for an award of interim fees and costs are met.

### B.   Justification for an Interim Award

In *Avera*, the Federal Circuit stated that a special master may award attorneys' fees and costs on an interim basis. *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). The court noted that such awards "are particularly appropriate in cases where proceedings are protracted, and costly experts must be retained." *Id.* Similarly, the Federal Circuit held in *Shaw* that it is proper for a special master to award interim attorneys' fees "[w]here the claimant

---

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

2

establishes that the cost of litigation has imposed an undue hardship and that there exists a good faith basis for the claim." *Shaw v. Sec'y of Health & Hum. Servs.*, 609 F.3d 1372, 1375 (Fed. Cir. 2010).

Many cases in the Program are proceeding slower than they have in the past. *See Miles v. Sec'y of Health & Hum. Servs.*, No. 12-254V, 2017 WL 4875816 at *5 (Fed. Cl. Spec. Mstr. Oct. 4, 2017) ("[i]t may be months to years before an entitlement ruling is issued"); *Abbott v. Sec'y of Health & Hum. Servs.*, No. 14-907V, 2016 WL 4151689, at *4 (Fed. Cl. Spec. Mstr. July 15, 2016) ("The delay in adjudication, to date, is due to a steady increase in the number of petitions filed each year.").

This case has been pending for almost seven years, and an entitlement decision remains outstanding. Meanwhile, Petitioner's fees and costs have accumulated in the course of prosecuting this case. Petitioner has submitted an itemization of attorney fees, a summary and documentation of costs, and an attorney affidavit. Petitioner's counsel has requested a total of **$298,418.01** in fees and expenses, and "[i]t cannot be seriously argued that in essence loaning cases thousands of dollars for years is not a hardship." *Kirk v. Sec'y of Health & Hum. Servs.*, No. 08-241V, 2009 WL 775396, at *2 (Fed. Cl. Spec. Mstr. Mar. 13, 2009); Fees App. at 3–4. Because of the protracted nature of the proceedings, the fact that the ultimate resolution of this case may not occur for a significant period, and the accumulation of fees and costs, I find an award of interim attorneys' fees and costs reasonable and appropriate in this case.

### III.   Reasonable Attorneys' Fees

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera*, 515 F.3d at 1348. This is a two-step process. *Id.* First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Hum. Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895 n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

### A. Hourly Rate

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *mot. for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Office of Special Masters has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules from 2015 to 2025 can be accessed online.[3]

Petitioner requests the following hourly rates for the work of his prior and current counsel: for attorney Kate Westad, $350.00 per hour for work performed from 2015 to 2020; for attorney David Carney, $350.00 per hour for work performed in 2020, $375.00 per hour for work performed in 2021, $400.00 per hour for work performed in 2022, $425.00 per hour for work performed in 2023, and $450.00 per hour for work performed in 2024; and for attorney Evan Baker, $200.00 per hour for work performed in 2023 and 2024. Petitioner also requests rates between $125.00 to $145.00 per hour for work of his counsel's paralegals performed from 2015 to 2022.

The undersigned has reviewed the hourly rates requested by Petitioner for the work of his counsel throughout the duration of this case. The hourly rates requested for these individuals are consistent with what they have previously been awarded for Vaccine Program work, and the undersigned finds them to be reasonable for work performed in the instant case. *See, e.g.*, *Peka v. Sec'y of Health & Hum. Servs.*, No. 20-1099V, 2025 WL 1234905 (Fed. Cl. Spec. Mstr. Mar. 25, 2025); *Martinez v. Sec'y of Health & Hum. Servs.*, No. 16-738V, 2022 WL 1210556 (Fed. Cl. Spec. Mstr. Mar. 29, 2022); *Pahos v. Sec'y of Health & Hum. Servs.*, No. 17-1455V, 2023 WL 6620336 (Fed. Cl. Spec. Mstr. May 5, 2023).

### B. Reasonable Number of Hours

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley*, 461 U.S. at 434). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522.

It is well-established that billing for administrative or clerical tasks is not permitted in the Vaccine Program. *See e.g.*, *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989) (stating that services that are "primarily of a secretarial or clerical nature . . . should be considered as normal overhead office costs included within the attorneys' fee rates"); *see also Isom v. Sec'y of Health & Hum. Servs.*, No. 94-770, 2001 WL 101459, at *2 (Fed. Cl. Spec. Mstr. Jan. 17, 2001) (agreeing with Respondent that tasks such as filing and photocopying are subsumed under overhead expenses); *Walters v. Sec'y of Health & Hum. Servs.*, No. 15-1380V, 2022 WL 1077311, at *5 (Fed. Cl. Spec. Mstr. Feb. 23, 2022) (failing to award fees for the review of CM/ECF notifications and the organization of the file); *McCulloch*, 2015 WL 5634323, at *26 (noting that clerical and secretarial tasks should not be billed at all, regardless of who performs them).

---

[3] The OSM Fee Schedules are available at: https://www.cfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules

4

### a. Current Counsel, David Carney

Upon review of the submitted billing records, I find the majority of the time billed to be reasonable. A small reduction, however, is necessary due to block billing, including time billed for non-compensable administrative tasks (e.g., filing documents,[4] calendaring dates,[5] and downloading and saving documents),[6] making it impossible to discern how much time was spent on non-compensable tasks. *Mostovoy v. Sec'y of Health & Hum. Servs.*, No. 02-10V, 2016 WL 720969, at *6 (Fed. Cl. Spec. Mstr. Feb. 4, 2016) ("It is well established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable."). "Clerical and secretarial tasks should not be billed at all, regardless of who performs them." *Paul v. Sec'y of Health & Hum. Servs.*, No. 19-1221V, 2023 WL 1956423, at *3 (Fed. Cl. Spec. Mstr. Feb. 13, 2023); *see also Sokol v. Sec'y of Health & Hum. Servs.*, No. 16-1631V, 2019 WL 4723836, at *3-4 (Fed. Cl. Spec. Mstr. Aug. 28, 2019) (determining billing for "scanning and numbering exhibits" is a clerical and administrative task that is not compensable). For example, one instance of block billing including the administrative task of filing was on March 24, 2020, when counsel billed a single entry for "reviewed case file from Westad, including all medical records obtained by prior case and filed with the court; reviewed Exhibit 7 and summarized medical records for the file." Fees App. at 18. Because this constitutes block billing, it is impossible to discern how much time was spent on filing verses compensable time. Therefore, I find a 10% reduction reasonable. This results in a reduction of $16,447.80.[7]

Next, a reduction is necessary for excessive time (79.3 total hours billed by both Mr. Carney and attorney Evan Baker) spent on preparing the post-hearing brief. *See* Fees App. at 35–37. Petitioner filed a 70-page post-hearing brief essentially recapping the entire case despite instructions that the post-hearing brief should only address new literature/evidence and new issues presented during the hearing. *See* ECF No. 95 (scheduling order describing the nature of what was requested prior to and after the hearing regarding post-hearing briefs versus the extensive amount of substance Petitioner intended to include in his post-hearing brief); *see also* Pet'r's Post-Hearing Brief, ECF No. 102. Therefore, I will reduce the total amount billed for preparing the post-hearing brief by half. This results in a reduction of $14,855.00.[8]

Accordingly, Petitioner is entitled to final attorneys' fees for David Carney at Green & Schafle, LLC, in the amount of $133,175.20.[9]

---

[4] See for example, entries dated May 8, 2020; December 11, 2020; November 14, 2022; December 5, 2023. This list is not exhaustive.

[5] See for example, entries dated October 13, 2020; July 20, 2022; November 27, 2023; March 12, 2024. This list is not exhaustive.

[6] See for example, entries dated April 30, 2021; March 8, 2022; May 24, 2022; December 4, 2023. This list is not exhaustive.

[7] $164,478.00 x 10% = $16,447.80.

[8] $29,710.00 ÷ 2 = $14,855.00. *See* Fees App. at 35–37.

[9] $164,478.00 - $16,447.80 - $14,855.00 = $133,175.20.

b.  **Prior Counsel, Kate Westad**

Petitioner requests a total of $62,446.75 in fees for Ms. Westad while at three firms ($2,270.00 from Lommen Abdo, P.A.; $51,385.50 from Larkin Hoffman Law Firm; and $8,791.25 from SiebenCarey, P.A.). Fees App. at 4. Upon review of the submitted billing records, I find the majority of the time billed to be reasonable. A small reduction, however, is necessary due to Ms. Westad's paralegals at each firm billing for non-compensable administrative tasks such as filing documents, faxing documents, processing and combining PDFs, updating and organizing internal files, and calendaring dates, much of which was billed in blocks. *See id.* at 78–79, 93–99, 126–29. "Clerical and secretarial tasks should not be billed at all, regardless of who performs them." *Paul*, No. 2023 WL 1956423, at *3. I find a 10% reduction reasonable. This results in a total reduction of $6,244.68.[10]

Accordingly, Petitioner is entitled to final attorneys' fees for Kate Westad at Lommen Abdo in the amount of $2,043.00; at Larkin Hoffman in the amount of $46,246.95; and at SiebenCarey in the amount of $7,912.13.

**C. Costs**

Similar to attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Regarding expert fees, "[t]he question is not whether [the expert] expended the numbers of hours claimed, but whether it was necessary or reasonable for him to do so." *Baker v. Sec'y of Health & Hum. Servs.*, No. 99-653V, 2005 WL 6122529, at *4 (Fed. Cl. June 21, 2005) (quoting *Wasson v. Sec'y of Health & Hum. Servs.*, No. 90-208V, 1991 WL 135015, at *3 (Fed. Cl. Spec. Mstr. July 5, 1991), *remanded*, 24. Cl. Ct. 482, 483 (1991), *aff'd*, 988 F.2d 131 (Fed. Cir. 1993)). An expert retained by petitioners in the Vaccine Program will only be compensated at a reasonable hourly rate, and petitioners have the burden of demonstrating that the expert costs incurred were reasonable. *Smith v. Sec'y of Health & Hum. Servs.*, No. 18-0043V, 2020 WL 1243238, at *9 (Fed. Cl. Spec. Mstr. Feb. 20, 2020) (citing *Ceballos v. Sec'y of Health & Hum. Servs.*, No. 99-97V, 2004 WL 784910, at *13 (Fed. Cl. Spec. Mstr. Mar. 25, 2004)). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

a.  **Current Counsel, David Carney**

Petitioner requests $45,901.41 in costs incurred by his current counsel, David Carney, which is heavily comprised of experts' fees, including their time testifying during the two-day entitlement hearing. Fees App. at 40–41. There is sufficient documentation for these costs. Therefore, I find that the requested costs are reasonable and should be awarded in full.

b.  **Prior Counsel, Kate Westad**

Petitioner requests a total $25,591.85 in costs incurred by his prior counsel, Kate Westad while at three firms ($1,307.23 from Lommen Abdo, P.A.; $14,366.62 from Larkin Hoffman

---

[10] ($2,270.00 x 10%) + ($51,385.50 x 10%) + ($8,791.25 x 10%) = $6,244.68.

Law Firm; and $9,918.00 from SiebenCarey, P.A.). Fees App. at 4. This consists primarily of the filing fee, obtaining medical records, and expert fees. Fees App. at 81–90, 104–24, 132–36. There is sufficient documentation for these costs. Therefore, I find that the requested costs are reasonable and should be awarded in full.

However, I remind both counsel that, as articulated in *Floyd v. Sec'y of Health & Hum. Servs.*, a request for expert costs should mirror that of an attorneys' fees, and experts should submit invoices that detail with particularity the amount of time spent on each task. No. 13-556V, 2017 WL 1344623 (Fed. Cl. Spec. Mstr. Mar. 2, 2017); *see* Fees App. at 123 (Dr. Willer's January 23, 2019 invoice containing little detail). A failure to do so may result in a reduction of hours awarded.

### IV. Conclusion

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2018), I award Petitioner the following in interim attorneys' fees and costs:

**For David Carney at Green & Schafle, LLC**

| | |
|---|---|
| Interim Attorneys' Fees Requested | $164,478.00 |
| (Reduction) | -$31,302.80 |
| **Interim Attorneys' Fees Awarded** | **$133,175.20** |
| | |
| Interim Costs Requested | $45,901.41 |
| (Reduction) | -$0 |
| **Interim Costs Awarded** | **$45,901.41** |
| **Total Amount Awarded** | **$179,076.61** |

**For Kate Westad at Lommen Abdo, P.A.**

| | |
|---|---|
| Interim Attorneys' Fees Requested | $2,270.00 |
| (Reduction) | -$227.00 |
| **Interim Attorneys' Fees Awarded** | **$2,043.00** |
| | |
| Interim Costs Requested | $1,307.23 |
| (Reduction) | -$0 |
| **Interim Costs Awarded** | **$1,307.23** |
| **Total Amount Awarded** | **$3,350.23** |

**For Kate Westad at Larkin Hoffman Law Firm**

| | |
|---|---|
| Interim Attorneys' Fees Requested | $51,385.50 |
| (Reduction) | -$5,138.55 |
| **Interim Attorneys' Fees Awarded** | **$46,246.95** |
| | |
| Interim Costs Requested | $14,366.62 |
| (Reduction) | -$0 |
| **Interim Costs Awarded** | **$14,366.62** |
| **Total Amount Awarded** | **$60,613.57** |

**For Kate Westad at SiebenCarey, P.A.**

| | |
|---|---|
| Interim Attorneys' Fees Requested | $8,791.25 |
| (Reduction) | -$879.13 |
| **Interim Attorneys' Fees Awarded** | **$7,912.12** |
| | |
| Interim Costs Requested | $9,918.00 |
| (Reduction) | -$0 |
| **Interim Costs Awarded** | **$9,918.00** |
| **Total Amount Awarded** | **$17,830.12** |

Accordingly, I award the following:

(1) **a lump sum in the amount of $179,076.61 representing reimbursement for Petitioner's interim attorneys' fees and costs, to be paid through an ACH deposit to Petitioner's current counsel's (Green & Schafle, LLC) IOLTA account for prompt disbursement;**
(2) **a lump sum in the amount of $3,350.23 representing reimbursement for Petitioner's interim attorneys' fees and costs, to be paid through an ACH deposit to Petitioner's prior counsel's (Lommen Abdo, P.A.) IOLTA account for prompt disbursement;**
(3) **a lump sum in the amount of $60,613.57 representing reimbursement for Petitioner's interim attorneys' fees and costs, to be paid through an ACH deposit to Petitioner's prior counsel's (Larkin Hoffman Law Firm) IOLTA account for prompt disbursement; and**
(4) **a lump sum in the amount of $17,830.12 representing reimbursement for Petitioner's interim attorneys' fees and costs, to be paid through an ACH deposit to Petitioner's prior counsel's (SiebenCarey, P.A.) IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court SHALL ENTER JUDGMENT in accordance with the terms of the above decision.[11]

**IT IS SO ORDERED.**

s/Herbrina D.S. Young
Herbrina D.S. Young
Special Master

---

[11] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing the right to seek review.